WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester George Durda,<br><br>　　　　Plaintiff,<br>vs.<br><br>Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>　　　　Defendant. | No. CV-13-00948-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Renewed Motion to Dismiss (Doc. 14), to which Plaintiff filed a Response (Doc. 19) and Defendant filed a Reply (Doc. 20). On July 1, 2014, this case was assigned to this Court. (Doc. 21.)

**I.      BACKGROUND**

On May 8, 2013, Plaintiff filed a Complaint seeking relief under 18 U.S.C. § 923(f)(3). (Doc. 1.) In a brief one-paragraph summary, Plaintiff first alleges that "[t]he ATF has ruled to revoke Lancaster Consulting Firearms License based on 'willful' violations concerning firearm entries and omissions." (*Id*.) Further, Plaintiff explains that he suffered severe financial loss because Defendant failed to take action against a competitor's illegal importation of guns despite the fact that Plaintiff reported the violations to Defendant. (*Id*.) Plaintiff argues that Defendant's lack of action resulted in loss of personnel and caused the Plaintiff to be unable to address required firearm entries for accuracy. (*Id*.) Plaintiff demands that the decision to revoke his firearms license be overturned in light of the "mitigating circumstance brought about by the negligent actions

of the ATF Import Division." (*Id.*) He also requests that he be compensated for the "pre-sold business lost due to the ATF Import Divisions' failure to act in a timely manner." (*Id.*)

In its motion to dismiss, Defendant contends that Plaintiff raises two claims for relief. (Doc. 14 at 1-2.) With regard to Plaintiff's first claim under 18 U.S.C. § 923(f)(3), Defendant concedes that this claim is properly brought. (*Id.*) However, Defendant asks this Court to dismiss the second of Plaintiff's claims, which it interprets as arising under the Federal Tort Claims Act ("FTCA"), for lack of subject-matter jurisdiction and for failure to state a claim. (Doc. 14.)

## II. LEGAL STANDARD

"The district courts of the United States... are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, if the court determines that it lacks subject-matter jurisdiction, it may dismiss an action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 12(h)(3); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), cert. denied, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

In this case, the Court finds, and Defendant does not dispute, that Plaintiff has stated a claim for relief under 18 U.S.C. § 923(f). Under the Gun Control Act of 1968, the Attorney General may revoke a firearms license issued under the Act if "the holder of

such license has willfully violated" any provision of the Act or related regulations. 18 U.S.C. § 923(e); *see also General Store, Inc. v. Van Loan*, 560 F.3d 920, 921 (9th Cir. 2009). If the Attorney General revokes a license, he shall, upon request of the aggrieved party, promptly hold a hearing to review his denial or revocation. 18 U.S.C. § 923(f)(2). If after such hearing, the Attorney General does not reverse the decision to revoke a license, the aggrieved party may at any time within sixty days of the Attorney General's decision file a petition with the United States district court for a *de novo* judicial review of the revocation.[1] 18 U.S.C. 923(f)(3).

However, contrary to Defendant's construction, the Court finds that Plaintiff has brought only one claim for relief. It is evident that Plaintiff solely intended to petition for review of his firearms license revocation due to the title he assigned his Complaint, the citation to 18 U.S.C. § 923(f)(3) as the jurisdictional basis for these proceedings, and the content of his complaint and demand. (Doc. 1 at 1.) Although Plaintiff alleges that Defendant failed to act on reports of a competitor's illegal importation of guns, which he characterizes as "negligent," Plaintiff does not cite to the FTCA or distinctly bring a second cause of action against Defendant on those grounds. (*Id*.) Instead, Plaintiff appears to provide a description of Defendant's actions, from his perspective, to explain why he believes the revocation of his firearms license was unwarranted. For instance, Plaintiff first explains that his license was revoked due to violations concerning firearm entries and omissions. (*Id*.) He then expressly attributes Defendant's failure to act on reports of a competitor's violations to his inability to "address required firearm entries for accuracy," the previously cited cause for his license revocation. (*Id*.)

Further, in his demand, Plaintiff requests that the license revocation "be reviewed and overturned in light of mitigating circumstance brought about by the negligent actions

---

[1] It is unclear whether Plaintiff has complied with the sixty (60) day statutory filing deadline. Although Plaintiff indicates in his response to Defendant's motion that "[t]here was a subsequent appeal hearing that found that the revocation would stay in effect," he has not yet provided proof as to when the hearing occurred or when he received notice of the Attorney General's final decision. (Doc. 19 at 3.)

of the ATF Import Division."[2] (*Id.*) Therefore, Plaintiff identifies Defendant's "negligent actions" as "mitigating circumstances," indicating that he may wish to present these facts to the court as a defense, not bring a separate claim on that basis. (*Id.*)

Finally, Plaintiff's response to Defendant's motion is revealing. Plaintiff explains in his response that Defendant's actions caused harm to his business resulting in "some missing and inaccurate serial number entries" at the time of Defendant's investigation. (Doc. 19 at 3.) Notably, he concludes by stating, "The general condition of the company at the time of the examination is a factor in the loss of the License and must be reconsidered." (*Id.*) Therefore, Plaintiff appears to argue that Defendant's actions contributed to the poor condition of his business which, in turn, resulted in the revocation of his license. It does not appear to the Court that Plaintiff intended to bring a separate claim against Defendant for any tort under the FTCA or any other provision of law.

Because Plaintiff has not brought a FTCA claim, the Court need not determine whether it should be dismissed. Consequently, finding Plaintiff has stated a claim for relief for judicial review of the revocation of his firearms license under 18 U.S.C. § 923(f)(3), the Court calls for Defendant to answer the Complaint. Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion to Dismiss (Doc. 14) is **denied**.

Dated this 28th day of July, 2014.

                                                Honorable Steven P. Logan
                                                United States District Judge

---

[2] To the extent Plaintiff also requests monetary damages under 18 U.S.C. § 923, he fails to cite to any authority that would entitle him to such relief.